UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22599-CIV-SCOLA/SANCHEZ

EZ SHOOT LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

This matter is before the Court on the Motion for Default Final Judgment Against Certain Defendants, ECF No. 56, filed by the Plaintiff, EZ SHOOT LLC ("the Plaintiff"). A Clerk's default was entered against a number of the Defendants, many of which the Plaintiff has since dismissed. *See* ECF Nos. 35, 43, 48, 50, 53, 55. The Plaintiff now seeks entry of final default judgment against the Defendants listed in Schedule "A" to the Plaintiff's motion, that is, Defendants numbered 1 to 4, 6, 7, 10, 11, 14, 18 to 23, 25 to 29, 32, 33, 35, 37, 42, 43, 45, 46, 48, 52 to 54, 56 to 65, 68, 69, 71, 73, 74, 76, 78, 79, 82, 83 (the "Remaining Defendants").[1] ECF Nos. 56, 56-1. The Honorable Robert N. Scola, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation. ECF No. 57. The Remaining Defendants did not file a response to the Amended Complaint, to the Plaintiff's motion for entry of a clerk's default,

---

[1] Although the Plaintiff listed Defendant No. 66 in its motion for default judgment, the Plaintiff previously filed a Notice of Voluntary Dismissal as to Defendant No. 66, ECF No. 48, and the Court entered an order of dismissal as to Defendant No. 66, ECF No. 49. A modified Schedule "A" listing the Remaining Defendants that are the subject of this Report and Recommendation is attached to this Report.

or to the motion for default judgment, and the deadlines to do so have long passed. After careful consideration of the Plaintiff's filings, the record, and the applicable law, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Default Final Judgment be **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff sued the Remaining Defendants for trademark counterfeiting and infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a); common law unfair competition; and common law trademark infringement. ECF No. 9.

The Plaintiff is the owner of all rights in and to the trademark "Sexy Dance," which is valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Plaintiff's Mark"). ECF No. 9 at ¶ 24; ECF No. 9-2.

| Trademark | Registration Number | Registration Date | Class/Goods |
|---|---|---|---|
| Sexy Dance | 4,781,913 | July 18, 2015 | Coats; Coats for men and women; Coats made of cotton; Dresses; Football shoes; Leather shoes; Leisure shoes; Men's socks; Mountaineering shoes; Pants; Rompers; Running shoes; Sandals and beach shoes; Shoes; Slippers; Socks; Socks and stockings; Sports bra; Sports pants; Sports shoes; T-shirts; Trousers; Underwear; Women's shoes. |

---

[2] The following facts are admitted as a result of the Defendant's default. *See, e.g.*, *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024); Section II *infra*.

ECF No. 9 at ¶ 24; ECF No. 9-2. The Plaintiff's Mark is used in connection with the manufacture and distribution of high-quality clothing in the categories identified above. ECF No. 9 at ¶ 25. The Remaining Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Plaintiff's Mark. ECF No. 9 at ¶¶ 32, 61, 68, 79.

The Amended Complaint establishes that the Remaining Defendants are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of the Plaintiff's Mark within the Southern District of Florida through the Remaining Defendants' Internet based e-commerce stores operating under each of the corresponding Seller IDs identified on Schedule "A" of the Plaintiff's motion (the "Seller IDs"). *E.g.*, ECF No. 9 at ¶¶ 39-41, 45, 53-55, 59-61; *see* ECF Nos. 56-1, 9-1.[3]

The Plaintiff further asserts that the Remaining Defendants' unlawful activities have caused and will continue to cause irreparable injury to the Plaintiff because the Remaining Defendants have (1) caused confusion, mistake, and deception among members of the trade and the general consuming public as to the origins and quality of the allegedly counterfeit goods through the Remaining Defendants' operation of the E-Commerce stores and the counterfeit products sold therein; (2) misrepresented to members of the consuming public that the counterfeit goods that were being advertised and sold by them using the Plaintiff's Mark are genuine, non-infringing goods; and (3) competed with the Plaintiff for space within organic search engine results and social media results, thereby depriving the Plaintiff of a valuable marketing and consumer education tool. *E.g.*, ECF No. 9 at ¶¶ 59, 65, 85, 97, 98, 107. In its motion, the Plaintiff seeks the entry of default

---

[3] The Plaintiff has submitted evidence showing each of the Remaining Defendants has infringed the Plaintiff's Mark. *See* ECF Nos. 12-2, 12-3, 56-1, 56-3.

3

final judgment against the Remaining Defendants and further requests that the Court enjoin the Remaining Defendants' from further infringing activities, award Plaintiff damages against each Remaining Defendant, and award any other relief the Court deems just and proper. ECF No. 56 at 15.

## II.     LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). The effect of a clerk's default is that all of the plaintiff's well-pled allegations are deemed admitted. *See Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pled allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only the well-pled allegations are admitted because "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) ("The Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Certain Underwriters at Lloyd's London Subscribing to Policy BRT3A000415-02 v. A.M.A. Consulting & Constr. Servs.*, No. 21-cv-20979, 2022 WL 542893, at *5 (S.D. Fla. Feb. 7, 2022), *report and recommendation adopted*, 2022 WL 539183 (S.D. Fla. Feb. 22, 2022). Therefore,

before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered."). If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required. *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2395475, at *1 (S.D. Fla. Mar. 7, 2023).

If there are multiple defendants, the plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability. *Zuru Inc. v. Individuals*, No. 1:23-cv-22217-WILLIAMS/REID, 2024 WL 1809310, at *2 (S.D. Fla. Mar. 29, 2024). Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against all the remaining defendants. *Id.* (citing 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998), and *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting Defendant alone, pending the continuance of the cause, would be incongruous and illegal.")).

Here, the Plaintiff has stated in its motion that there are no allegations of joint liability. ECF No. 56 at 1. The Remaining Defendants have not appeared and have defaulted; the other defendants have been dismissed. Therefore, there is no possibility of inconsistent liability among the defendants based on the allegations of the Amended Complaint, and an adjudication of default judgment may be entered.

### III. ANALYSIS

**A. Claims**

*1. Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I)*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same or confusingly similar to Plaintiff's trademark such that consumers were likely to confuse the two. *Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); *see also Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

To establish its claim, the Plaintiff alleged that it is the owner of all rights in and to the "Sexy Dance" trademark, *see* ECF No. 9 at ¶ 24, and that the Remaining Defendants, without the Plaintiff's permission, *id.* at ¶ 61, are using "counterfeit and confusingly similar imitations" to the Plaintiff's Mark, indeed, identical copies of the Plaintiff's Mark, *id.* at ¶ 55, in "advertising, selling,

offering for sale, and distributing" their goods, *id.* at ¶¶ 82, 83. According to the Amended Complaint, such activities "are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public" and damages to the Plaintiff. *Id.* at ¶ 85, *see also, e.g., id.* at ¶ 59. Thus, the Plaintiff has sufficiently alleged facts establishing each of the elements necessary to state a claim for trademark counterfeiting and infringing under § 32 of the Lanham Act and is entitled to default judgment on this claim.

    2. *False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II)*

To prevail on its claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must establish that Defendants used in commerce, in connection with any goods or services, "any word, term, name, symbol or device, or any combination thereof, or any false designation of origin" that is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of Defendants with Plaintiff, or "as to the origin, sponsorship, or approval of" Defendants' goods, services, or commercial activities by the Plaintiff. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim—*i.e.*, whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See, e.g., Zuru Inc.*, 2024 WL 1809310, at *2 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (Stevens, J., concurring)).

Here, the Plaintiff alleged that the Defendants' goods "bearing [or] using copies of the Plaintiff Mark are virtually identical in appearance to Plaintiff's genuine goods" and "have been widely advertised and offered for sale throughout the United States through E-Commerce." ECF No. 9 at ¶¶ 91, 92. Indeed, the Defendants are using "identical copies" of the Plaintiff's Mark. *Id.* at ¶ 55. Further, the Defendants' goods are "different in quality from Plaintiff's goods and are of

7

much lower quality," which is "likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship" of the goods. *Id.* at ¶¶ 93, 94; *see also id.* at ¶ 55. The Plaintiff's allegations establishing that the Remaining Defendants used the Plaintiff's Mark in commerce and caused confusion are sufficient to state a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Plaintiff is therefore entitled to default judgment on Count II.

    3. *Common Law Unfair Competition and Trademark Infringement (Counts III and IV)*

"The analysis of Florida common law claims of trademark infringement and unfair competition is the same as federal claims." *GR Opco, LLC v. Eleven IP Holdings*, No. 22-24119-CIV, 2024 WL 4110524, at *6 (S.D. Fla. July 17, 2024), *report and recommendation adopted*, 2024 WL 4104288 (S.D. Fla. Sept. 5, 2024); *see also, e.g.*, *KAWS, Inc. v. Printify Inc.*, No. 23-CV-24063, 2024 WL 3916493, at *6 (S.D. Fla. Aug. 23, 2024) ("Florida law unfair competition claims are evaluated in same manner as trademark infringement claims."); *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1362 (S.D. Fla. 2017) (concluding that "the legal analysis for Lanham Act claims applies to" Florida claims of unfair competition); *PetMed XPRESS, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) ("The analysis of liability for Florida common law trademark infringement is the same as under the Lanham Act."); *Investacorp, Inc. v. Arabian Investment Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1521 (11th Cir. 1991) (recognizing that the analysis of Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim).

As to Count III, the Plaintiff alleged that the Remaining Defendants are "promoting and otherwise advertising, selling, offering for sale, and distributing goods using or bearing counterfeits and infringements" of the Plaintiff's Mark and using the Plaintiff's Mark to "unfairly

8

compete with Plaintiff and others for (1) space in search engine and social media results across an array of search terms and (2) visibility on the Internet," all of which is "likely to cause and actually [is] causing confusion, mistake and deception among members of the trade and the general consuming public." ECF No. 9 at ¶¶ 105-107. These allegations are sufficient to state a Florida common law claim for unfair competition. As to Count IV, the Plaintiff alleged that it is the owner of the "Sexy Dance" trademark and that the Defendants' use of the Plaintiff's Mark is "likely to cause and actually [is] causing confusion, mistake and deception among members of the trade and the general consuming public." ECF No. 9 at ¶¶ 111, 113. Thus, the Plaintiff has sufficiently alleged facts establishing the elements of its common law unfair competition and trademark infringement claims and is entitled to default judgment on both claims.

Because the Plaintiff has alleged sufficient facts to establish the elements of each of its claims, and because the factual allegations in the Plaintiff's Amended Complaint have been substantiated by sworn declarations and other evidence establishing the Remaining Defendants' liability under each of the claims asserted in the Amended Complaint, s*ee* ECF Nos. 12-2, 12-3, 56-2, 56-3, entry of default judgment in favor of the Plaintiff and against the Remaining Defendants pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### B. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d

1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See, e.g.*, *PetMed XPRESS, Inc.*, 336 F. Supp. 2d at 1222-23.

Permanent injunctive relief is appropriate where a Plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange*, LLC, 547 U.S. 388, 392-93 (2006). The Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). The Plaintiff's Amended Complaint alleges that the Remaining Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if the Remaining Defendants are not permanently enjoined. *E.g.*, ECF No. 9 at ¶¶ 75, 76, 88, 101, 108, 114. Further the Amended Complaint alleges, and the submissions by Plaintiff show, that the Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing or using counterfeits or infringements of the Plaintiff's Mark, and consumers viewing Defendants' counterfeit products would actually confuse them for genuine products bearing the Plaintiff's Mark. *See, e.g.*, *id.* at ¶¶ 83-85. Indeed, the Amended Complaint establishes that the Remaining Defendants' "counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods." *Id*. at ¶ 85.

Plaintiff has no adequate remedy at law so long as the Remaining Defendants continue to operate the Seller IDs because the Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to the Plaintiff's reputation and goodwill that will result if the Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. *See, e.g.*, ECF No. 9 at ¶ 101. By contrast, the Defendants face no hardship if they are prohibited from the infringement of the Plaintiff's Mark, which is an unlawful act.

Finally, the public interest supports the issuance of a permanent injunction against the Remaining Defendants to prevent consumers from being misled by the Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

Unless the Remaining Defendants are enjoined from continuing to infringe on the Plaintiff's Mark, they will be free to continue infringing the Plaintiff's trademark rights with impunity and will continue to defraud the public with their illegal activities. Accordingly, the undersigned recommends that Plaintiff's request for a permanent injunction be granted.

### C. Requested Statutory Damages

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful,

it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or service. 15 U.S.C § 1117(c)(2). Here, the Plaintiff has elected statutory damages pursuant to § 1117(c) as to Count I of the Amended Complaint.

Statutory damages under the Lanham Act are "particularly appropriate in the default judgment context" because it is difficult to ascertain the defendants' profits and because the defendants have not participated in the litigation. *See CreeLED, Inc. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A,"* No. 22-CV-23683-JEM/Becerra, 2023 WL 6130593, at *4 (S.D. Fla. Sept. 11, 2023) (citing *Tiffany (NJ) LLC v. Benefitfortiffany.com*, No. 16-60829-Civ-Lenard/Goodman, 2016 WL 8679081, at *7 (S.D. Fla. Nov. 3, 2016)); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). The Court has wide discretion to determine the amount of such statutory damages. *See PetMed Express, Inc.*, 336 F. Supp 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F. 2d 839, 853 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-civ, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Form Motor Co. v. Cross*, 441 F. Supp 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enters. Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). An award of statutory damages pursuant to 15 U.S.C. § 1117(c) is "intended not just for compensation for losses, but also to deter wrongful conduct." *See CreeLED*, 2023 WL 6130593, at *4 (citing *PetMed Express*, 336 F. Supp. 2d at 1220-21)).

Here, the allegations in the Plaintiff's complaint, which are taken as true, clearly establish that the Remaining Defendants intentionally copied the Plaintiff's Mark for the purpose of deriving benefit from the Plaintiff's goodwill and reputation. ECF No. 9 at ¶ 69. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that the Remaining Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each of the Remaining Defendants promoted, sold, offered for sale, and/or distributed products bearing marks that were, in fact, counterfeits of the Plaintiff's Mark. *See* ECF No. 9. Based on the above considerations, the Plaintiff requests that the Court award statutory damages of two hundred thousand ($200,000.00) per Defendant because each Defendant "used one counterfeit mark on one type of good." *See* ECF No. 56 at 14. The requested amount of statutory damages should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's Mark, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this requested award of statutory damages—$200,000.00 per Remaining Defendant—falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.[4]

## IV.   CONCLUSION

For the foregoing reasons, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Final Judgment Against Certain Defendants, ECF No. 56, be **GRANTED** with respect to the Remaining Defendants.

---

[4] Although the Plaintiff has also asserted claims for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II), and unfair competition (Count III) and trademark infringement (Count IV) under Florida common law, the Plaintiff acknowledges that damages for such claims are encompassed within its requested damages pursuant to § 1117(c), and the Plaintiff seeks no additional damages based on those claims. *See* ECF No. 56 at 15.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within five (5) days from the date of this Report and Recommendation, that is, **by Monday, September 23, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robert N. Scola, Jr., United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 18th day of September 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert N. Scola, Jr.
Counsel of Record

# Modified Schedule A listing Remaining Defendants

| Def No | Platform | Store Name | Seller Address |
|---|---|---|---|
| 1 | Walmart | Howden Fashion Co.Ltd | https://www.walmart.com/seller/101272475?pageName=order-details |
| 2 | Walmart | HUACHEN | https://www.walmart.com/seller/101282909?pageName=order-details |
| 3 | Walmart | Bnwani Store | https://www.walmart.com/seller/101199777?pageName=order-details |
| 4 | Walmart | DZXJMYYXGS | https://www.walmart.com/seller/101261853?pageName=order-details |
| 6 | Walmart | TBLP | https://www.walmart.com/seller/101277321?pageName=order-details |
| 7 | Walmart | guangzhoudingdingshangmaoyou | https://www.walmart.com/seller/101290650?pageName=order-details |
| 10 | Walmart | MrYGroup TBD | https://www.walmart.com/seller/101261892?pageName=order-details |
| 11 | Walmart | shenzhenmairuisidianziyouxianzerengongsi | https://www.walmart.com/seller/101276427?pageName=order-details |
| 14 | Walmart | Moonwalker | https://www.walmart.com/seller/101281183?pageName=order-details |
| 18 | Walmart | QHMYZ Co.Ltd | https://www.walmart.com/seller/101296885?pageName=order-details |
| 19 | Walmart | Sweet shop | https://www.walmart.com/seller/101331116?pageName=order-details |
| 20 | Walmart | Kunmingmiushuo | https://www.walmart.com/seller/101299407?pageName=order-details |
| 21 | Walmart | Suosheng | https://www.walmart.com/seller/101279446?pageName=order-details |
| 22 | Walmart | Goat | https://www.walmart.com/seller/101199052?pageName=order-details |
| 23 | Walmart | Young | https://www.walmart.com/seller/101284493?pageName=order-details |
| 25 | Walmart | CrazyX | https://www.walmart.com/seller/101277264?itemId=933500737&pageName=item |
| 26 | Walmart | Kujoy Co.Ltd | https://www.walmart.com/seller/101256168?pageName=order-details |
| 27 | Walmart | EAGLE | https://www.walmart.com/seller/101256185?pageName=order-details |
| 28 | Walmart | ILUGU | https://www.walmart.com/seller/101187715?itemId=195359350&pageName=item |
| 29 | Walmart | Muheng | https://www.walmart.com/seller/101189196?itemId=129101738&pageName=item |
| 32 | Walmart | TEN10CENT | https://www.walmart.com/seller/101133955?pageName=order-details |
| 33 | Walmart | Wuzhisen E-commerce Co., Ltd | https://www.walmart.com/seller/101294971?pageName=order-details |
| 35 | Walmart | Ostrich | https://www.walmart.com/seller/101274096?pageName=order-details |
| 37 | Walmart | JZ Co.ltd | https://www.walmart.com/seller/101267734?itemId=879324258&pageName=item |
| 42 | Walmart | Farer W Stores | https://www.walmart.com/seller/101294010?pageName=order-details |
| 43 | Walmart | LUOCO | https://www.walmart.com/seller/101227083?pageName=order-details |
| 45 | Walmart | TNC | https://www.walmart.com/seller/101267875?pageName=order-details |
| 46 | Walmart | Prominence store | https://www.walmart.com/seller/101295844?pageName=order-details |
| 48 | Walmart | BESTS llc | https://www.walmart.com/seller/101300571?pageName=order-details |
| 52 | Walmart | YIWUSHISHUZHONG | https://www.walmart.com/seller/101307142?itemId=628726117&pageName=item |
| 53 | Walmart | BINGANG | https://www.walmart.com/seller/101290187?pageName=order-details |
| 54 | Walmart | New for Your Home | https://www.walmart.com/seller/101273477?pageName=order-details |
| 56 | Walmart | Cuishifu Trading Co., Ltd | https://www.walmart.com/seller/101291652?pageName=order-details |
| 57 | Walmart | Retro Sports Shop | https://www.walmart.com/seller/101296012?pageName=order-details |
| 58 | Walmart | Rainlight | https://www.walmart.com/seller/101294908?pageName=order-details |
| 59 | Walmart | The Sunflower Road Co.,Ltd | https://www.walmart.com/seller/101270287?itemId=850673255&pageName=item |
| 60 | Walmart | FOUR Co.Ltd | https://www.walmart.com/seller/101267607?itemId=610076655&pageName=item |
| 61 | Walmart | CADI | https://www.walmart.com/seller/101185356?itemId=610076655&pageName=item |
| 62 | Walmart | Fengniao Overseas Store | https://www.walmart.com/seller/101270925?itemId=168399900&pageName=item |
| 63 | Walmart | Fengniao Store Ts | https://www.walmart.com/seller/101252576?pageName=order-details |
| 64 | Walmart | VPPDXHL | https://www.walmart.com/seller/101303388?pageName=order-details |
| 65 | Walmart | SPACEZ | https://www.walmart.com/seller/101273163 |
| ■ | ■ | ■ | ■ |
| 68 | Walmart | shanxijiexinmeishiwang | https://www.walmart.com/seller/101303412?pageName=order-details |
| 69 | Walmart | High quality mall | https://www.walmart.com/seller/101292447?pageName=order-details |
| 71 | Walmart | EWQER | https://www.walmart.com/seller/101220973?pageName=order-details |
| 73 | Walmart | The Best Choice Co.,Ltd | https://www.walmart.com/seller/101269960?itemId=496873100&pageName=item |
| 74 | Walmart | Jeborah Grocery Co.Ltd | https://www.walmart.com/seller/101242377?pageName=order-details |
| 76 | Walmart | Cmoney | https://www.walmart.com/seller/101284511?itemId=172478056&pageName=item |
| 78 | Walmart | ganyaa | https://www.walmart.com/seller/101233025?pageName=order-details |
| 79 | Walmart | Suzhoushilangerdianzi | https://www.walmart.com/seller/101295798?pageName=order-details |
| 82 | Walmart | Okblacety | https://www.walmart.com/seller/101197859 |
| 83 | Walmart | journey1018 | https://www.walmart.com/seller/101349767?itemId=766860481&pageName=item |